IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YUKSEL CELIKGOGUS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-CV-1996 (HHK) |
| DONALD RUMSFELD, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' MOTION TO STAY

Defendants, Donald Rumsfeld, Richard Myers, Geoffrey Miller, James T. Hill, Michael E. Dunlavey, Jay Hood, Michael Lehnert, Nelson J. Cannon, and Terry Carrico, respectfully request that the Court stay all further proceedings in this case pending the outcome of the consolidated appeals in Rasul v. Rumsfeld, Nos. 06-5209, 06-5222 (D.C. Cir.). Plaintiffs' counsel has informed counsel for defendants that plaintiffs oppose this motion.

### BACKGROUND

As described in the "Notice of Related Cases" filed by these defendants on this same day, this case raises issues nearly identical to those raised in Rasul.[1] First, these two cases allege essentially the same pattern of facts: plaintiffs, all of whom are citizens of foreign countries, were detained in Afghanistan or Pakistan by local authorities in late 2001 or early 2002, transferred to the custody of United States forces, transported to the United States Naval Base at Guantanamo Bay Naval Station, Cuba, subjected to what they claim was unlawful treatment

---

[1] Based on their "Notice of Related Cases," defendants request that this case first be reassigned to Judge Urbina, and then stayed pending the outcome of the appeal in Rasul. Should the case not be reassigned, however, defendants nevertheless submit that a stay is appropriate for all of the reasons discussed below.

while detained at Guantanamo, and then released.  Compare Celikgogus Am. Compl. ¶¶ 2-173 with Rasul Compl. ¶¶ 1-140.  Second, plaintiffs in these cases have brought suit against many of the same defendants, all of whom are sued in their individual capacity for compensatory and punitive damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on the theory that they were ultimately responsible for devising, approving, implementing, or acquiescing in various acts that allegedly caused plaintiffs' injuries.  Compare Celikgogus Am. Compl. ¶¶ 174-187 with Rasul Compl. ¶¶ 141-158.  Finally, both cases rely on nearly identical causes of action, such as claims under the Alien Tort Statute, 28 U.S.C. § 1350, for "prolonged arbitrary detention," "cruel, inhuman or degrading treatment or punishment," and "torture"; claims for violating the Geneva Conventions; claims for violating the due process clause of the Fifth Amendment; and claims under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb et seq.  Compare Celikgogus Am. Compl. Counts I, II, III, IV, VII, and VIII with Rasul Compl. Counts I, II, III, IV, VI, and VII.  (Not coincidentally, the plaintiffs in both cases are represented by the same counsel.)

In Rasul, this Court granted in part and denied in part the defendants' motion to dismiss.  Specifically, the Court dismissed all of plaintiffs' claims except their RFRA claim.  See Rasul v. Rumsfeld, 414 F. Supp. 2d 26 (D. D.C. 2006); Rasul v. Rumsfeld, 433 F. Supp. 2d 58 (D. D.C. 2006).  Defendants then took an interlocutory appeal to the United States Court of Appeals for the District of Columbia regarding the RFRA claim, while the plaintiffs appealed the dismissal of all their other claims.  See Rasul v. Rumsfeld, No. 04-1864 (D. D.C.) (docket entries 31 and 36).

**DISCUSSION**

In light of the extraordinary issues presented in this case, which are directly raised in, or will be affected by a decision in, Rasul, the efficient administration of justice warrants that this case be stayed pending the outcome of the appeal in Rasul. See Landis v. N. Am. Co., 299 U.S. 248, 256 (1936) (noting propriety of stay in cases "of extraordinary public moment"). Because these two cases allege nearly identical causes of action on behalf of former detainees at Guantanamo against many of the same defendants, the D.C. Circuit's decision in Rasul will be dispositive of the core issues in this case and, ultimately, determine how this case should proceed, if at all.[2] It thus makes no sense to continue litigating this case prior to resolution of the appeal in Rasul, as further proceedings would require the parties to brief, and the Court to analyze, the same issues raised in Rasul all over again in this case. This would result in an immense waste of the litigants' and the Court's resources, especially since these issues likely would have to be revisited or relitigated once the appeal is decided and the D.C. Circuit provides guidance regarding these types of Bivens claims brought by former Guantanamo detainees. See Landis, 299 U.S. at 254-55 ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Based on this same rationale, this Court has entered similar stays in a large number of cases brought by current (or then-current) Guantanamo detainees who have sought writs of

---

[2] Plaintiffs' counsel apparently has recognized this as well, despite their current objection to this motion, as evidenced by the fact that they notified the court that a complaint they previously filed on behalf of plaintiff Celikgogus, based on similar facts and legal theories, was related to Rasul. See Celikgogus v. Rumsfeld, et al., No. 05-CV-2480 (RMU) (D. D.C.) (docket number 2).

habeas corpus because appeals in factually and legally related cases were pending before the D.C. Circuit. See, e.g., Al-Mohammed, et al. v. Bush, et al., No. 05-0247 (HHK) (docket numbers 18 and 31); Qayed, et al. v. Bush, et al., No. 05-0454 (RMU) (docket number 4); Al-Marri, et al. v. Bush, et al., No. 04-2035 (GK) (docket number 26); Anam, et al. v. Bush, et al., No. 04-1194 (HHK) (docket number 142); Al-Anazi, et al. v. Bush, et al., No. 05-0345 (JDB) (docket numbers 21 and 22). Thus, just as this Court has stayed the cases of current Guantanamo detainees due to the pendency of appeals in similar cases pending before the D.C. Circuit, it should do the same in a case involving former Guantanamo detainees which raise the same types of claims and issues now before the D.C. Circuit in Rasul.

Furthermore, several briefs already have been filed in the Rasul appeal and any stay entered in this case therefore should not substantially delay the proceedings. In addition, plaintiffs still must effect proper service on the new defendants named in plaintiffs' recently-filed amended complaint. It also should be noted that plaintiffs' counsel allowed plaintiff Celikgogus' previous suit to languish on the Court's docket for nearly a full year, without attempting to serve any of the defendants, only to voluntarily dismiss it and refile it as a new action. Plaintiffs' counsel then waited nearly a full 120 days from that date to serve nine of the currently-named defendants, only to then file an amended complaint, which adds still more plaintiffs and defendants. For all of these reasons, any additional delay caused by waiting for the outcome in the Rasul appeal would be marginal in comparison to the delays caused by plaintiffs themselves and would not prejudice plaintiffs.

**CONCLUSION**

For all of these reasons, defendants respectfully request that the Court stay all further proceedings in this case, pending a decision by the D.C. Circuit in Rasul.[3]

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General, Civil Division

                              C. FREDERICK BECKNER III
                              Deputy Assistant Attorney General, Civil Division

                              TIMOTHY P. GARREN
                              Director, Torts Branch, Civil Division

                              /s/ James R. Whitman
                              JAMES R. WHITMAN
                              Wis. Bar Member No. 1036757
                              Trial Attorney
                              United States Department of Justice
                              Torts Branch, Civil Division
                              P.O. Box 7146
                              Ben Franklin Station
                              Washington, D.C. 20044-7146
                              Tel: (202) 616-4169
                              Fax: (202) 616-4314

Dated: March 23, 2007

---

[3] Among the proceedings that should be stayed, but by no means the only, is requiring defendants to respond to plaintiffs' recently-filed and currently-pending "Motion for Continued Use of Pseudonyms."

## CERTIFICATE OF SERVICE

    I certify under penalty of perjury that on March 23, 2007, I electronically filed with the Clerk of the Court, by using the Court's CM/ECF system, the foregoing "DEFENDANTS' MOTION TO STAY."

    /s/ James R. Whitman
JAMES R. WHITMAN
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YUKSEL CELIKGOGUS, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06-CV-1996 (HHK) |
| ) | |
| **DONALD RUMSFELD, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter having come before the Court on Defendants' Motion to Stay, and the Court having considered the motion, and for good cause shown, it is hereby

ORDERED that Defendants' motion is GRANTED. All further proceedings in this case are hereby stayed pending the outcome of the appeal in <u>Rasul v. Rumsfeld</u>, Nos. 06-5209, 06-5222 (D.C. Cir.).

DATE: _____   BY: _____

U.S. DISTRICT JUDGE