IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YUKSEL CELIKGOGUS, *et al.*, | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 06-CV-1996 (HHK) |
| DONALD RUMSFELD, *et al.*, | ) ) ) |  |
| Defendants. | ) ) ) |  |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFFS' MOTION FOR FURTHER STAY

Defendants, former Secretary of Defense Donald Rumsfeld, former Chairman, Joint Chiefs of Staff General Richard Myers, General James T. Hill, General Bantz J. Craddock, Major General Michael Lehnert, Major General Michael E. Dunlavey, Major General Geoffrey Miller, Brigadier General Jay Hood, Rear Admiral Harry B. Harris, Jr., Colonel Terry Carrico, Colonel Adolph McQueen, Brigadier General Nelson J. Cannon, Colonel Michael I. Bumgarner, Colonel Wade F. Dennis (incorrectly sued herein as "Dennis Wade"), and Mr. Esteban Rodriguez, respectfully submit this Opposition to Plaintiffs' Motion for Further Stay, which seeks "a further stay of the proceedings in this case pending final resolution of the cases Rasul v. Rumsfeld, Nos. 06-5209, 06-5222 (D.C. Cir.) ('Rasul') and Boumediene v. Bush, Nos. 06-1195/06-1196 (U.S.) ('Boumediene')." See Docket No. 25 ("Plaintiffs' motion").

### STATEMENT OF POINTS AND AUTHORITIES

Defendants' pending Motion to Dismiss explains that the Court of Appeals' holding in Rasul v. Myers, 512 F.3d 644 (D.C. Cir. 2008), forecloses recovery for Plaintiffs on any and all claims raised in the Amended Complaint, as a matter of law, under Rule 12(b)(1) and Rule

12(b)(6) of the Federal Rules of Civil Procedure.  See Docket No. 27 ("Defendants' motion").  Defendants' motion also demonstrates that, even in the unlikely event Rasul and Boumediene are overturned, well-established Supreme Court and Circuit precedent in the areas of qualified immunity, "special factors," and the Westfall Act still warrant dismissal of Plaintiffs' claims.  Id.  Plaintiffs' motion neither addresses the application of such precedent, nor does it question that the holdings in Rasul clearly apply to the present case and that dismissal of Plaintiffs' claims is mandated by that precedent.  Rather, Plaintiffs' request for a further stay is premised upon the fact that the plaintiffs in Rasul and Boumediene have not fully exhausted their appeals, and that the ongoing appellate proceedings in those cases could still result in a shift in existing precedent significant enough to continue the prosecution of Plaintiffs' causes of action.  See Plaintiffs' motion.  Further delay based on such speculation is unwarranted and could not logically salvage Plaintiffs' claims in this case.

**ARGUMENT**

In Rasul, the Court of Appeals directly addressed and approved four grounds on which the District Court relied to dismiss plaintiffs' claims.  As explained below, however, there is no likelihood of rehearing being granted in Rasul and there is, accordingly, no reason to delay disposition of this case.

First, in Rasul, the Court of Appeals reaffirmed that non-resident aliens located outside United States sovereign territory have no constitutional rights under the Constitution.  Rasul, 512 F.3d at 663-65; see also Defendants' motion at 6-7.  This ruling did not break any new ground that would warrant *en banc* review.  Rather, this holding was based on established Supreme

Court and Circuit precedent.[1]  Thus, there is no likelihood of rehearing being granted on this issue.

Plaintiffs also cite the Supreme Court's grant of review in Boumediene as reason for a further stay.  See Plaintiffs' motion.  Yet even if the Supreme Court in Boumediene were to reverse the Court of Appeals and find that, based on the unique status of Guantanamo Bay, the aliens detained there should be treated as within United States sovereign territory, and should, therefore, be able to invoke rights under the Constitution, that would still not reverse the long line of Supreme Court and Circuit precedent, which establishes the general rule that aliens outside the United States (such as aliens in Iraq or in Afghanistan) may not invoke rights under the Constitution.  Accordingly, the pendency of Boumediene provides no reason to delay disposition of this case.  Indeed, the Court of Appeals in Rasul found that the pendency of Boumediene was not a ground for delaying disposition in that case.  The Court of Appeals held that it was appropriate in that case to proceed and to apply established "Circuit precedent until

---

[1] See, e.g., Johnson v. Eisentrager, 339 U.S. 763, 781-85 (1950) (rejecting Fifth Amendment claim of an alien held outside the United States); United States v. Verdugo-Urquidez, 494 U.S. 259, 269 (1990) ("we have rejected the claim that aliens are entitled to Fifth Amendment rights outside the sovereign territory of the United States"); Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007) ("Precedent in this court and the Supreme Court holds that the Constitution does not confer rights on aliens without property or presence in the United States"), cert. granted, 127 S. Ct. 3078 (2007); 32 County Sovereignty Comm. v. Dep't of State, 292 F.3d 797, 799 (D.C. Cir. 2002) (a "foreign entity without property or presence in this country has no constitutional rights") (quoting People's Mojahedin Org. of Iran v. Dep't of State, 182 F.3d 17, 22 (D.C. Cir. 1999)); Cuban Am. Bar Ass'n v. Christopher, 43 F.3d 1412, 1428 (11th Cir. 1995) (aliens detained at Guantanamo Bay, Cuba "have no First Amendment or Fifth Amendment rights"); Harbury v. Deutch, 233 F.3d 596, 602-04 (D.C. Cir. 2000) (alien claiming torture outside the U.S. had no rights under Fifth Amendment), rev'd in part on other grounds sub nom. Christopher v. Harbury, 536 U.S. 403 (2002).

and unless it is altered by our own *en banc* review or by the High Court." Rasul, 512 F.3d at 665 n.15 (citations omitted). The same is true here.

Second, as explained in Defendants' Motion to Dismiss, it is clear that Defendants have the right to qualified immunity.² See Defendants' motion at 7-8. The Court of Appeals held in Rasul that even if the detainee plaintiffs in that case had constitutional rights under the Fifth and Eighth Amendments, the Bivens claims still would be barred by qualified immunity. Citing prior Supreme Court and Circuit precedent, the Court of Appeals held that it was not clearly established at the time of the alleged misconduct that aliens outside sovereign United States territory possessed constitutional rights. Rasul, 512 F.3d at 666-67; see also Rasul, 512 F.3d at 676 (Brown, J., concurring) ("While RLUIPA changed RFRA, it was far from clearly established that this change expanded the class of persons protected by RFRA.").

The rehearing petition filed in Rasul provides no substantial basis for suggesting that this qualified immunity ruling was incorrect. Rather, in their petition, the Rasul plaintiffs simply reiterate the argument rejected by the Court of Appeals that immunity should be denied because the prohibition on torture is universally accepted. But as the Court of Appeals explained in Rasul, "[t]he issue we must decide ... is whether the rights the plaintiffs press *under the Fifth and Eighth Amendments* were clearly established at the time of the alleged violations." Rasul, 512 F.3d at 666 (emphasis in original). No legal authority could "support a conclusion that military officials would have been aware, in light of the state of the law at the time [2002-2004], that detainees [in Cuba] should be afforded the [constitutional] rights they now claim." Id. (quotation

---

² Plaintiffs' claims are also further barred by the "special factors" enumerated in the concurrence in Rasul. See Rasul, 512 F.3d at 672-74 (Brown, J., concurring); see also Defendants' motion at 9-10.

marks omitted). That holding, again, does not break new ground. Rather, it is a straightforward application of binding Supreme Court and Circuit precedent. Thus, there is no likelihood of rehearing being granted.

Third, as explained in Defendants' Motion to Dismiss, Rasul supports dismissal of Plaintiffs' claims under the Westfall Act. See Defendants' motion at 10-12. In Rasul, the Court of Appeals rejected the argument that the alleged conduct should not be deemed within the scope of defendants' employment because the Westfall Act was not intended to cover violations of *jus cogens* norms (such as the prohibition against torture) or "seriously criminal" conduct. Rasul, 512 F.3d at 657-58. *En banc* review of this issue is also highly unlikely because this holding is, yet again, based on established precedent.

Notably, the argument rejected in Rasul is nearly identical argument rejected two years earlier in Council on American Islamic Relations v. Ballenger, 444 F.3d 659 (D.C. Cir. 2006). In that case, the plaintiff argued that a Congressman who allegedly uttered a defamatory statement was not acting in the scope of employment because the "alleged defamatory statement *itself* was not conduct of the kind he was employed to perform." Id. at 664 (emphasis in original). The Court of Appeals held that this contention "rests on a misunderstanding of D.C. scope-of-employment law (not to mention the plain text of the Westfall Act)." Id. Because speaking to the press was the kind of conduct the defendant was employed to perform, the Court of Appeals found that the allegedly defamatory statement was "incidental" to that conduct. Id.

As Ballenger and Rasul make clear, the *method* an employee chooses to accomplish an assigned task need not be authorized, since D.C. *respondeat superior* law "is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the

employer's behalf." Ballenger, 444 F.3d at 664 (quoting Weinberg v. Johnson, 518 A.2d 985, 992 (D.C. 1986)). Indeed, even acts expressly *forbidden* by the employer are within the scope of employment if they are designed at least in part to accomplish the employer's purpose. See RESTATEMENT (SECOND) OF AGENCY, § 230; see also W.P. Keeton, D. Dobbs, R. Keeton & D. Owen, PROSSER & KEETON ON THE LAW OF TORTS, § 70 at 503 (1984) (Where "the forbidden conduct is merely the servant's own way of accomplishing an authorized purpose, the master cannot escape responsibility no matter how specific, detailed and emphatic his orders may have been to the contrary." (footnote omitted)).

Finally, Rasul forecloses Plaintiffs' claims under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq., ("RFRA"), because it establishes that non-resident aliens located outside the United States are not "persons" within the meaning of RFRA and, therefore, were not entitled to its protections. Rasul, 512 F.3d at 668; see also Defendants' motion at 12-13. The argument that the Rasul plaintiffs are eligible for RFRA's protections because the panel majority's ruling is "flatly contrary" to the Court of Appeals' "accepted canons of statutory construction" and "is without basis in the law" is unpersuasive. Even if rehearing *en banc* were granted in Rasul, it is not a forgone conclusion non-resident aliens similarly situated would be entitled to RFRA's protections, especially in light of the fact the Rasul concurrence provides an alternative reason to bar Plaintiffs' RFRA claims. See Rasul, 512 F.3d at 676 (Brown, J., concurring) ("Literal application of RFRA would force us to hold Congress's careless drafting inadvertently expanded the scope of RFRA plaintiffs. Such a result is 'demonstrably at odds with the intentions of [RLUIPA's] drafters.'") (quoting Nat'l Pub. Radio, Inc. v. FCC, 254 F.3d 226, 230 (D.C. Cir. 2001). Furthermore, the concurrence continued, "[w]hile RLUIPA changed

RFRA, it was far from clearly established that this change expanded the class of persons protected by RFRA[]" and, therefore, the Defendants would be entitled to qualified immunity. See Rasul, 512 F.3d at 676 (Brown, J., concurring); but cf. id. at n.5 (some uncertainty about whether qualified immunity is available to federal officials sued under RFRA (citing Kwai Fun Wong v. United States, 373 F.3d 952, 977 (9th Cir. 2004)).

Thus, all of the relevant holdings of Rasul are based on unassailable, established Supreme Court and Circuit precedent and there is no reason to further delay this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion, seeking an indeterminate and unnecessary stay of these proceedings, should be denied. As required by Local Rule 7(c), a proposed order is at Attachment 1.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil Division

C. FREDERICK BECKNER, III
Deputy Assistant Attorney General, Civil Division

TIMOTHY P. GARREN
Director, Torts Branch, Civil Division

 */s/ James G. Bartolotto*
JAMES G. BARTOLOTTO
DC Bar Member No. 441314
JAMES R. WHITMAN
Wis. Bar Member No. 1036757
Trial Attorneys
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station

Washington, D.C. 20044-7146
*james.bartolotto@usdoj.gov*
Tel:  (202) 616-4174
Fax:  (202) 616-4314
*Attorneys for the Defendants*

Dated: March 19, 2008

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on March 19, 2008, I electronically filed with the Clerk of the Court, by using the Court's CM/ECF system, the foregoing "DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR FURTHER STAY."

    */s/ James G. Bartolotto*
JAMES G. BARTOLOTTO
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146
*Attorneys for the Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YUKSEL CELIKGOGUS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 06-CV-1996 (HHK) |
| ) | |
| **DONALD RUMSFELD,** *et al.*, ) | |
| ) | **Document No.:** |
| **Defendants.** ) | |

**[PROPOSED] ORDER**

Upon consideration of the Plaintiffs' Motion for Further Stay, and Defendants' Opposition thereto as well as any reply by Plaintiffs, it is hereby

**ORDERED** that the Plaintiffs' Motion for Further Stay is **DENIED**.

**SO ORDERED**.

Dated _____, 2008           _____
                                     HENRY H. KENNEDY, JR.
                                     United States District Judge