IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YUKSEL CELIKGOGUS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 06-CV-1996 (HHK) |
| DONALD RUMSFELD, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants, former Secretary of Defense Donald Rumsfeld, former Chairman, Joint Chiefs of Staff General Richard Myers, General James T. Hill, General Bantz J. Craddock, Major General Michael Lehnert, Major General Michael E. Dunlavey, Major General Geoffrey Miller, Brigadier General Jay Hood, Rear Admiral Harry B. Harris, Jr., Colonel Terry Carrico, Colonel Adolph McQueen, Brigadier General Nelson J. Cannon, Colonel Michael I. Bumgarner, Colonel Wade F. Dennis (incorrectly sued herein as "Dennis Wade"), and Mr. Esteban Rodriguez, respectfully submit this Opposition to Plaintiffs' Motion for Leave to Amend Complaint, which seeks to amend the Amended Complaint in order to, among other things, "correct omissions regarding the states of residency for certain Defendants, to correct the naming of one Defendant, and to clarify the caption in this action." See Docket No. 26 ("Plaintiffs' motion").

### STATEMENT OF POINTS AND AUTHORITIES

Defendants' pending Motion to Dismiss explains that the Court of Appeals' holding in Rasul v. Myers, 512 F.3d 644 (D.C. Cir. 2008), forecloses recovery for Plaintiffs on any and all claims raised in the Amended Complaint, as a matter of law, under Rule 12(b)(1) and Rule

12(b)(6) of the Federal Rules of Civil Procedure. See Docket No. 27 ("Defendants' motion"). Defendants' motion also demonstrates that, even in the unlikely event Rasul or Boumediene v. Bush, No. 01-1195 (D.C. Cir.), are overturned, well-established Supreme Court and Circuit precedent in the areas of qualified immunity, "special factors," and the Westfall Act still warrant dismissal of Plaintiffs' claims. Id. These factors demonstrate the futility of Plaintiffs' proposed amendments. In fact, even without considering the arguments made in Defendants' motion, the proposed amendments are still unnecessary and futile. Furthermore, Plaintiffs' amendments seeking to add a new defendant attempt to circumvent the service requirements and, with regard to some of the individual capacity claims, the expiration of the relevant statute of limitations. Plaintiffs do not argue to the contrary. Accordingly, Plaintiffs' motion fails to meet the necessary requirements for leave to amend under Fed. R. Civ. P. 15(a)(2) and, therefore, should be denied.

## BACKGROUND

Plaintiffs commenced this action on November 21, 2006, and amended their complaint on March 21, 2007. See Docket Nos. 1 & 11. On May 22, 2007, pursuant to Defendants' motion to stay the proceedings, this Court ordered a stay pending the outcome of the consolidated appeals in Rasul v. Rumsfeld, Nos. 06-5209, 06-5222 (D.C. Cir.). See Docket No. 19. The Court of Appeals issued its decision in Rasul on January 11, 2008. See Rasul v. Myers, 512 F.3d 644 (D.C. Cir. 2008). On January 22, 2008, this Court ordered Defendants to respond to Plaintiffs' Amended Complaint by March 11, 2008. See Docket No. 23. On March 7, 2008, Plaintiffs filed a Motion for Further Stay and a Motion for Leave to Amend Complaint. See Docket Nos. 25 and 26, respectively. On March 10, 2008, Defendants filed their Motion to Dismiss the Amended Complaint. See Docket No. 27.

Plaintiffs' motion claims the proposed Second Amended Complaint is necessary to "simply clarify and correct inadvertent technical errors" in the Amended Complaint. See Plaintiffs' motion. Specifically:

1. The omission of the states of residency of defendants Esteban Rodriguez (¶ 29) and Adolph McQueen (¶ 25);
2. The inversion of the name of defendant Wade Dennis who is incorrectly referred to as "Dennis Wade" in the Amended Complaint (¶ 28); and
3. The omission of defendant Peter Pace (described in ¶ 16) from the caption.

Id. Plaintiffs also claim the Second Amended Complaint is necessary to correct "typographical errors in a number of other paragraphs[,]" and changes to "paragraphs 6, 16, 25, 28, and 29." Id. In particular, the proposed changes to paragraphs 6 and 16 add former Chairman, Joint Chiefs of Staff General Peter Pace as an individual capacity defendant. Plaintiffs' motion does not discuss, however, that the proposed Second Amended Complaint also adds General Pace, General Craddock, Rear Admiral Harris, Colonel Bumgarner, Colonel Dennis, and Colonel McQueen, to the specific allegations raised in paragraph 184. Despite these amendments the proposed Second Amended Complaint does not raise any new facts or causes of action.

**ARGUMENT**

Plaintiffs' motion fails because the proposed amendments are either unnecessary as they do nothing to assist the Court or further Plaintiffs' claims, or futile as they do not overcome the lack of jurisdiction and failure to state a claim arguments raised in Defendants' Motion to Dismiss. Plaintiffs' motion further fails because it seeks to add General Pace as an individual capacity defendant beyond the expiration of the 120-day period under Fed. R. Civ. P. 4(m) required to personally serve him in accordance with Fed. R. Civ. P. 4(i)(3), and with regard to

some of the individual capacity claims against federal employees, beyond the three-year statute of limitations. See D.C. Code § 12-301(8); Carney v. American Univ., 151 F.3d 1090, 1096 (D.C. Cir. 1998). Moreover, not only is the addition of General Pace prejudicial to him personally, it is futile because if added he would be entitled to all the same defenses already raised by Defendants in their pending Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs may amend their Complaint a second time only when "justice so requires." Although Fed. R. Civ. P. 15(a)(2) provides that leave to amend "shall be freely given when justice so requires," the Court "has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." National Wrestling Coaches Ass'n v. Dep't of Education, 366 F.3d 930, 945, (D.C. Cir. 2004). The decision to grant or deny a motion to amend is within the discretion of the District Court, "requiring only that the court base its ruling on a valid ground." Id. (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

There are, however, exceptions to this general rule. Denial of leave to amend is appropriate when such amendment: (a) would be futile, (b) would cause undue delay, (c) derives from bad faith, (d) is dilatory in motive, (e) would cause undue prejudice, or (f) represents nothing more than repeated failure to cure deficiencies by previous amendments. See Foman, 371 U.S. at 182; Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1083-84 (D.C. Cir. 1998). With sufficiently explained reasons, this Court may exercise its discretion to deny leave to amend. See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (proper

exercise of discretion required trial court to give reasons for denying leave to amend complaint); Caribbean Broad. Sys., 148 F.3d at 1084.

### I. Plaintiffs' motion should be denied because the amendments sought are unnecessary and futile.

"An amendment would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citing 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)); see also Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim); James Madison Ltd., 82 F.3d at 1099. In the present matter, Plaintiffs' proposed Second Amended Complaint merely restates the same facts and claims in the previous Amended Complaint. It does not add any new facts, allegations,[1] or causes of action. Moreover, Plaintiffs' claims do not survive a motion to dismiss.

First, as explained in Defendants' motion, Plaintiffs' Amended Complaint fails to state claims upon which relief may be granted and/or fails to present claims over which the Court has jurisdiction, thus it does not withstand Defendants' Motion to Dismiss. Likewise, because the proposed Second Amended Complaint does not modify those claims and Plaintiffs do not present any new allegations or facts that would allow this Court to grant them any form of relief, it too would not withstand Defendants' motion. Substantively, Defendants' Motion to Dismiss demonstrates, among other things, that the Court lacks subject matter jurisdiction over Plaintiffs'

---

[1] Other than adding paragraph 184's specific allegations against General Pace and five of the Defendants.

claims and that Plaintiffs' constitutional claims are foreclosed due to both qualified immunity and "special factors" whether or not Rasul is overruled. Because Plaintiffs' proposed Second Amended Complaint would not affect these arguments, granting their Motion to Amend would be futile and may unduly further delay the Court's resolution of Defendants' dispositive motion. See Caribbean Broad. Sys., 148 F.3d at 1083-84; Robinson, 211 F. Supp. 2d at 114.

Second, Plaintiffs state the proposed Second Amended Complaint "intends to correct minor administrative errors" and does not add any new facts, allegations or causes of action. The amendments Plaintiffs propose are completely unnecessary for the prosecution of their claims and do not assist the Court. For example, adding "the states of residency" for two Defendants and inverting the name of another Defendant – all who have appeared in this litigation and have responded to the Amended Complaint – are meaningless pursuits. Therefore, because the proposed Second Amended Complaint merely restates the same facts and claims already set forth in the Amended Complaint, it is futile. See Caribbean Broad. Sys., 148 F.3d at 1083-84; Robinson, 211 F. Supp. 2d at 114.

Third, the proposed Second Amended Complaint represents nothing more than a repeated failure to cure deficiencies by the previous amendment. See Foman, 371 U.S. at 182; Caribbean Broad. Sys., 148 F.3d at 1083-84. Plaintiffs have already amended their Complaint once, and the proposed Second Amended Complaint would be the third attempt to correct repeated mistakes in draftsmanship. In reality, if allowed, the proposed Second Amended Complaint would represent the fourth iteration of Plaintiffs' claims.[2] Accordingly, Plaintiffs' motion should be denied.

---

[2] Plaintiffs commenced a similar action with this Court, Celikgogus v. Rumsfeld, et al., No. 1:05-CV-2480 (D.D.C.), based on the same facts and against nine of the same defendants. Plaintiffs voluntarily dismissed that complaint on November 21, 2006, commenced the current

### II. Plaintiffs' motion should be denied because the addition of General Pace as an individual capacity defendant at this stage is improper, prejudicial, and futile.

Plaintiffs seek to add General Pace as a defendant in an action seeking compensatory damages against individual federal defendants personally under, *inter alia*, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Although the first sentence of paragraph 16 of the Amended Complaint identifies "Marine Gen. Peter Pace" as a "defendant," General Pace is not a party to this litigation. Plaintiffs' proposed amendments make clear that General Pace is neither named in the caption, nor identified anywhere else within the Amended Complaint or the remainder of paragraph 16. General Pace was not served and has not entered an appearance in this action. As a result, he has not requested individual capacity representation by the Department of Justice under 28 C.F.R. § 50.15 or retained private counsel. Moreover, Plaintiffs have also failed to demonstrate that General Pace is even aware of this litigation, let alone that Plaintiffs are attempting to add him as an individual capacity defendant subject to personal liability. See Fed. R. Civ. P. 15(c)(1)(C). The sole fact General Pace's name appears once in paragraph 16 is insufficient to conclude that he is a defendant and fails to support Plaintiffs' suggestion that the proposed amendments to add him are merely a correction or clarification of his status. See, e.g., Fed. R. Civ. P. 10(a) ("the title of the complaint must name all the parties").

Additionally, with regard to the individual capacity claims of Plaintiffs Celikgogus and Sen, the three-year statute of limitations to commence a Bivens action against General Pace expired in November 2006, see D.C. Code § 12-301(8); Carney, 151 F.3d at 1096, and General

---

action the same day, and amended their complaint on March 21, 2007. See Docket Nos. 1 & 11.

Pace was not named in the original Complaint.[3]  Furthermore, Rule 4(m)'s 120-day period required to personally serve the Amended Complaint on General Pace in accordance with Fed. R. Civ. P. 4(i)(3) has expired.  Therefore, Plaintiffs cannot relate the amendments against General Pace back to the original filing in this case.  See Fed. R. Civ. P. 15(c)(1)(C).  Accordingly, Plaintiffs' request to add General Pace as an individual capacity defendant should be denied.

Should the Court decide, however, to grant Plaintiffs' motion, General Pace would still be entitled to all the same defenses to Plaintiffs' claims that have already been raised in Defendants' Motion to Dismiss and which foreclose Plaintiffs' claims against the other Defendants.  Because of this, Plaintiffs' addition of General Pace does nothing to advance their claims and demonstrates the futility of the endeavor.  In the end, the only result of adding General Pace as a defendant to this litigation is it will unnecessarily drag an individual federal employee into an action – for which he would be exposed to personal liability for actions taken within the scope of his employment – that should be dismissed, as a matter of law, under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs' motion does not assist either the Plaintiffs or the Court and, therefore, should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint should be denied.  As required by Local Rule 7(c), a proposed order is at Attachment 1.

>Respectfully submitted,
>
>JEFFREY S. BUCHOLTZ
>Acting Assistant Attorney General, Civil Division

---

[3] General Pace's name did not appear anywhere in Plaintiffs' original Complaint filed on November 21, 2006.  See Docket No. 1.

        C. FREDERICK BECKNER, III
Deputy Assistant Attorney General, Civil Division

TIMOTHY P. GARREN
Director, Torts Branch, Civil Division

*/s/ James G. Bartolotto*
JAMES G. BARTOLOTTO
DC Bar Member No. 441314
JAMES R. WHITMAN
Wis. Bar Member No. 1036757
Trial Attorneys
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146
*james.bartolotto@usdoj.gov*
Tel:  (202) 616-4174
Fax:  (202) 616-4314
*Attorneys for the Defendants*

Dated: March 19, 2008

## CERTIFICATE OF SERVICE

    I certify under penalty of perjury that on March 19, 2008, I electronically filed with the Clerk of the Court, by using the Court's CM/ECF system, the foregoing "DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT."

        */s/ James G. Bartolotto*
JAMES G. BARTOLOTTO
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146
*Attorneys for the Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **YUKSEL CELIKGOGUS**, *et al.*,  )  )  **Plaintiffs**,  )  )  v.  )  )  **DONALD RUMSFELD**, *et al.*,  )  )  **Defendants**.  ) | No. 06-CV-1996 (HHK)  Document No.: |

**[PROPOSED] ORDER**

Upon consideration of the Plaintiffs' Motion for Leave to Amend Complaint, and Defendants' Opposition thereto as well as any reply by Plaintiffs, it is hereby

**ORDERED** that the Plaintiffs' Motion for Leave to Amend Complaint is **DENIED**.

**SO ORDERED**.


Dated _____, 2008              _____
                                        HENRY H. KENNEDY, JR.
                                        United States District Judge